EDWIN DRAPER & another *vs.* THE WORCESTER & NORWICH RAIL ROAD COMPANY.

In an action upon the case against a rail road corporation, to recover damages for the non-delivery of goods intrusted to the defendants for transportation, and in an action of trover to recover the value of such goods, a servant of the defendants, employed by them to load and unload cars, and deliver freight, at the depot where the goods arrived, is a competent witness for the defendants, to prove that all the goods were delivered, at such depot, to the plaintiff or his agents.

THIS was an action upon the case, to recover damages for the non-delivery of 36 barrels of flour, part of a lot of 1135 barrels, delivered to the defendants at Norwich, to be transported, for the plaintiff, to Worcester. The declaration also contained a count in trover.

At the trial in the court of common pleas, before *Merrick,* J. the defendants admitted that they were common carriers, and, as such, received said 1135 barrels of flour from the plaintiffs, to be transported for them, as alleged in their declaration.

The plaintiffs introduced evidence tending to show that the defendants presented to them a bill for the freight of the whole quantity of 1135 barrels; that they paid the same; that a part of said flour arrived at the defendants' depot in

Draper & another *v.* Worcester & Norwich Rail Road Co.

Worcester, and was received by the plaintiffs; and that a part thereof had not been received by them.

The defendants' counsel, in opening their defence, stated that they insisted that the whole quantity of 1135 barrels of flour had been delivered, at their depot in Worcester, to the plaintiffs or their agents. The defendants then called George H. Haven as a witness, to prove their alleged defence. He was objected to by the plaintiffs on the ground of interest, and was examined by them on the *voir dire.* On this examination, he testified as follows: "I was in the employ of the defendants when this flour arrived. I was freight-house laborer, to load and unload cars, and deliver freight. It was my duty to deliver freight which came there."

The plaintiffs insisted that said Haven's interest was proved, and denied his competency; but the court decided that his interest was not proved, and admitted him to testify. A verdict was returned for the defendants, and the plaintiffs alleged exceptions to the admission of Haven's testimony.

*Bacon & Hartshorn,* for the plaintiffs. Haven was not a competent witness for the defendants. 1 Greenl. on Ev. §§ 390, 394, 395. 1 Stark. Ev. 188. *Tyler* v. *Ulmer,* 12 Mass. 163. *Morish* v. *Foote,* 8 Taunt. 454, and 2 Moore, 508. The exception, in cases of necessity, does not apply to this case; as it exists only when the principal offers the agent to prove an act done within the scope of his authority. Agents never are admitted as witnesses to disprove their own negligence. 1 Greenl. on Ev. §§ 416, 417. *Green* v. *New River Co.* 4 T. R. 589. *Fuller* v. *Wheelock,* 10 Pick. 135. *Noble* v. *Paddock,* 19 Wend. 456. *Dudley* v. *Bolles,* 24 Wend. 465.

*B. F. Thomas,* for the defendants. The case cited from 4 T. R. 589, and other cases like it, proceeded on the ground that the record or the evidence showed that the carelessness of the offered witness was the cause of action. In the present case, it does not appear that negligence, either of the defendants or their servants, is the ground of action. The defendants may be liable for theft, robbery, fire, &c. in which

no servant of theirs was implicated. The record of this case could not be used against Haven; for it would not show any concern of his in the action or the result of it.

The exception, as to the admissibility of agents to testify in behalf of their principals, should be liberally applied to corporations, that must do all their business by agents. See 1 Greenl. on Ev. § 416. 1 Stark. Ev. 99, 100, 112, 113. *Ross* v. *Rowe*, cited in Roscoe on Ev. 85, and in 2 Stark. Ev. 754. *Fisher* v. *Willard*, 13 Mass. 379. *Spencer* v. *Goulding*, Peake's Cas. 129. *Alexander* v. *Emerson*, 2 Littell, 27.

SHAW, C. J. The defendants admit themselves to be common carriers of merchandize, and the action is brought against them in that capacity. The only question brought up by the exceptions is, whether Haven, called as a witness by the defendants, and objected to by the plaintiffs, on account of interest, was competent or not.

In opening the defence, the counsel stated that the defendants expected to prove that the whole quantity of flour, forwarded by the plaintiffs, had been delivered from their depot in Worcester. The witness, being examined on the *voir dire*, testified that he was in the employ of the defendants, when this flour arrived; that he was a freight-house laborer, to load and unload cars and deliver freight; that it was his duty to deliver freight which came there.

It is not easy, perhaps, to draw a precise line between the cases of servants called by their masters, where the matter drawn in question is the carelessness and negligence of the servant, and cases where servants and agents are called to testify to acts done in the usual course of their employment, and where their masters may gain or lose by their testimony. In the former, they are held to be incompetent; in the latter, they are competent. Perhaps the true distinction is this; that where, by the pleadings and issue, or the actual state of the inquiry, the question is upon the liability of one to answer, in consequence of the negligence or carelessness of a particular servant, and where the servant may be liable over, in an action to the master, such servant shall be held

incompetent for his employer, without a release; because, in a suit over against the servant, the verdict and judgment, in the case in which he is offered, would be evidence for the employer against the servant, either as to the main fact, or as to the amount of damages sustained. But where the question is of a general nature, as in trover or case for the non-delivery of property, no such use could be made of the judgment, and the objection to the competency of the witness would not exist. It is difficult to perceive the interest which the witness has in the present suit, when we consider that such interest must be direct, and not contingent, possible or uncertain, and that it must be an interest in the event of the suit, and not merely in the question or subject matter. *Bent* v. *Baker*, 3 T. R. 27. The witness is not called to disprove his own negligence. Such fact is not directly or necessarily charged, or drawn in question. *Green* v. *New River Co.* 4 T. R. 590. *Noble* v. *Paddock*, 19 Wend. 457.

But the precise ground on which we decide that this witness was competent is, that the case is within that well established exception to the general rule, which admits agents, factors, brokers, carriers, and subordinate agents and servants in all departments of business, to testify, as competent witnesses, to the receipt and payment of money, the delivery of goods, and all acts usually done by such classes of persons, within the scope of their ordinary occupation and employment. It is founded on those considerations of general expediency, growing out of the usual order and course of business; and without such modification of the general rule, business would be greatly impeded. A different rule would operate as a great obstruction to the transactions of merchants, ship owners, carriers and other dealers; but it would nearly prevent the operations of corporate companies, who must act entirely through various classes of officers and agents. 1 Greenl. on Ev. §§ 416, 417.

The only case cited in the argument, which seems opposed to this view, is that of *Fuller* v. *Wheelock*, 10 Pick. 135. That case is very different from the present. There the

witness was the authorized agent of the plaintiff to receive the money, and had given his receipt for it. Upon the evidence, therefore, he was immediately liable to the plaintiff, in an action for money had and received; and he was called, without a release, to testify to facts which would exonerate him from such action. Besides; he was not a general agent, called to testify to acts in the usual course of his employment, but was specially authorized, and for aught that appears to the contrary, by power of attorney, to do that particular act. That case is not an authority applicable to the present.

*Exceptions overruled.*